**FIDELITY FEDERAL SAVINGS & LOAN ASS'N v. GRAY, Administrator of Veterans Affairs.**

Civ. No. 970.

United States District Court
M. D. Tennessee, Nashville Division.
April 7, 1950.

Denney, Leftwich & Glasgow, Nashville, Tenn., for plaintiff.

Ward Hudgins, United States Attorney, Nashville, Tenn., and J. G. Sims, Chief Attorney, Veterans Administration Regional Office, Nashville, Tenn., for defendant.

DAVIES, District Judge.

This cause came on for hearing before the Court on July 22, 1949.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

Findings of Fact

1. The Court finds that Adrian G. Combs is a veteran of World War II and was honorably discharged from the armed forces of the United States prior to his application to the Fidelity Federal Savings & Loan Association of Nashville, Tennessee, for the loan hereinafter mentioned. After his discharge and prior to March 12, 1947, he made application to Fidelity Fed-

eral Savings & Loan Association for a loan in the amount of $7,000.00 to purchase a home. Thereupon the Fidelity Federal Savings & Loan Association wrote to the Loan Guaranty Officer, Veterans Administration Regional Office, Nashville, Tennessee, and asked for a Certificate of Eligibility and approval of the loan. On March 7, 1947, a Certificate of Approval was issued stating that the application was approved as to Combs' eligibility, that the maximum amount of guaranty in the particular case was $3,500.00, and the purpose of the loan was eligible under the proper law and regulations. The notice further stated that "you will proceed to close the loan and record the necessary security instruments when applicable and disburse the proceeds of the loan for the amount and purpose stated in the loan report. Upon your return of VA Form 1876 accompanied by the original Note or other evidence of indebtedness, the guaranty will be endorsed thereon, or if requested by you the guaranty will be issued in the form of a separate certificate being Form 1899." The Fidelity Federal Savings & Loan Association, after receipt of this Certificate, made the loan to Combs in the amount of $7,000.00, taking his note in that amount dated March 12, 1947, and taking a Deed of Trust on the property to secure the debt. The Deed was registered in the Register's Office of Davidson County, Tennessee. Some time thereafter, Adrian G. Combs filed a voluntary petition in bankruptcy in the United States District Court at Nashville, Tennessee. The Fidelity Federal Savings & Loan Association notified the Regional Office of the Veterans Administration at Nashville of the bankruptcy. The court cannot fix the date on which Mr. Combs filed his petition in bankruptcy, or the time the lender gave notice thereof to the Administrator of Veterans Affairs. The Fidelity Federal Savings & Loan Association gave the Regional Office, Veterans Administration, Nashville, Tennessee, notice of the disbursement of the loan on December 15, 1947, approximately nine months after the proceeds of the loan were disbursed. The Administrator of Veterans Affairs thereaft-

er refused to issue a Certificate of Guaranty.

2. After the petition in bankruptcy had been filed the Fidelity Federal Savings & Loan Association made preparations to sell the property under the Deed of Trust. Prior to the date set for the sale Combs and his wife paid up all the delinquent installments on the Note and foreclosure proceedings were discontinued at that time. Thereafter the loan became delinquent again and foreclosure proceedings were again instituted and the property was sold at a foreclosure sale. The proceeds of the foreclosure sale were not sufficient to pay the entire indebtedness, including the cost of such sale. The Fidelity Federal Savings & Loan Association has sued the Administrator of Veterans Affairs for $848.97, alleging that is the balance due it and it has a contract of guaranty with the Administrator. The Administrator denies liability.

3. The Court finds that the Fidelity Federal Savings & Loan Association did not, after the loan was made, "forthwith" provide the Administrator of Veterans Affairs with a statement setting forth the full name and serial number of the veteran, amount and terms of the loan, and with a legal description of the property, together with an appraisal report made by the designated appraiser, as required by Subsec. (c) of Sec. 500, Title III, Servicemen's Readjustment Act of 1944, as amended, 38 U.S.C.A. § 694(c), nor did the Fidelity Federal Savings & Loan Association provide notice within thirty days after the making of the loan, as required by Sec. 36.4303 of the regulations promulgated by the Administrator of Veterans Affairs for the purpose of carrying out the provisions of Title III of the Service Men's Readjustment Act of 1944, as amended, 38 U.S.C.A. § 694 et seq.

## Conclusions of Law

■ 1. The Court has jurisdiction of this cause, 38 U.S.C.A. § 694j.

■ 2. The Court concludes that the Fidelity Federal Savings & Loan Association does not have a contract of guaranty with the Administrator of Veterans Affairs

in this case because it failed to give notices, as required by the law and regulations, within the time required.

3. Plaintiff's suit should be dismissed at costs of plaintiff and judgment entered for defendant.

Judgment accordingly.